## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 19-50** |
| **GERARD LAWLESS** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] for credit for time served filed by defendant Gerard Lawless ("defendant"), which states that the Bureau of Prisons ("BOP") failed to sufficiently credit defendant for time served. Because the Court lacks the authority to calculate credit for time served and because this motion is not the proper vehicle for challenging sentencing computation by the BOP, the Court denies defendant's motion.

"The computation of a federal sentence requires the BOP to determine the commencement date of the sentence and the extent to which defendant receives credit for time spent in custody prior to the commencement of his sentence." *United States v. Aparicio*, 963 F.3d 470, 477 (5th Cir. 2020). "Federal law 'does not authorize a district court to compute the credit at sentencing.'" *Id.* (quoting *United States v. Wilson*, 503 U.S. 329, 334 (1992)). "Because the district court lacks the authority to award or deny credit, the BOP is not bound by its decision." *In re United States Bureau of Prisons, Dep't of Just.*, 918 F.3d 431 (5th Cir. 2019). Therefore, the Court is without authority to order the BOP to give credit for time served.

---

[1] R. Doc. No. 87.

Furthermore, "[p]rior to seeking judicial review of credits under 18 U.S.C. § 3585(b), prisoners are required to exhaust their administrative remedies." *Smith v. Upton*, 477 F. App'x 289, *1 (5th Cir. 2012); *see also United States v. Martin*, 362 F. App'x 69, 70 (11th Cir. 2010) ("Granting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before seeking judicial review."). "Exceptions to the exhaustion requirement apply when 'available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Smith*, 477 F. App'x at *1 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994)). "[T]he petitioner bears the burden of demonstrating the futility of administrative review." *Id.*

"[O]nce a defendant has fully exhausted his administrative remedies with the BOP, the appropriate way to challenge the BOP's decision is by filing a civil action under 28 U.S.C. § 2241." *Id.*; *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)). In the present case, there is no evidence that defendant has exhausted his administrative remedies through the BOP and is now seeking judicial review of the administrative remedies. Defendant has not demonstrated that his failure to exhaust administrative review is because of the futility of doing so. Additionally, defendant has not filed an action pursuant to 28 U.S.C. § 2241, which is the proper vehicle for challenging sentencing credits following administrative review. Accordingly,

**IT IS ORDERED** that the motion for credit for time served is **DENIED.**

New Orleans, Louisiana, October 25, 2023.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**